UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                    Chapter 11

BRIDGE ASSOCIATES OF WEST 89th STREET                     Case No. 10-74891 (REG)

                    Debtor.
------------------------------------------------------------x

## MOTION OF COMMUNITY ONE HOLDING LLC
## TO VACATE THE AUTOMATIC STAY

**TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Community One Holding LLC ("Community One"), as successor to New York Community Bank ("NYCB"), as and for its motion to vacate the automatic stay to permit Community One to complete pending foreclosure proceedings in the Supreme Court, New York County, Index No. 113113/08 (the "Foreclosure Action"), represents and shows this Court as follows:

### PRELIMINARY STATEMENT

Community One is the holder of a first mortgage encumbering the Debtor's property located at 31 West 89th Street, New York, New York (the "Property") and is owed a pre-petition debt of $2,971,968.48, including principal, interest, fees and other costs. A copy of Community One's secured proof of claim is annexed hereto as Exhibit "1".

Besides the first mortgage lien, the Property is also encumbered by a second recorded mortgage held by Manufacturers and Traders Trust Company ("M&T") in the sum of $1,752,956.55 as of May 12, 2010. According to the Debtor's own bankruptcy schedules,

there is no equity in the Property as it lists a value of $2.3 million, while the Debtor failed to make any debt service payments to NYCB or Community One for approximately 2½ years time prior to the bankruptcy filing. Moreover, nothing has changed since the Chapter 11 filing - adequate protection payments have not been made with the exception of a lone payment in early August.

Community One seeks relief from the automatic stay to complete the pending Foreclosure Action because (a) the Debtor lacks equity in the Property and the Property is not necessary for an effective reorganization since no such reorganization is feasible absent substantial concessions by the mortgage holders, which will not be forthcoming; and (b) Community One's interest in the Property is not being adequately protected.

## JURISDICTION AND STATUTORY PREDICATES

1. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

2. The statutory predicates for the relief sought herein are sections 362(d)(1), (d)(2), (e) and (g) of the Bankruptcy Code.

## FACTUAL BACKGROUND

3. On June 23, 2010 (the "Petition Date"), the above-captioned Debtor filed with this Court a voluntary petition for relief commencing a case under Chapter 11 of the Bankruptcy Code, listing the Property as its sole asset outside of purported security deposits of $9,400.

4.  The Property consists of a five-story walk-up apartment building with 6,280 square feet and containing ten (10) units and 32 rooms. The Debtor valued the Property in its bankruptcy schedules at $2,300,000. Somewhat ironically, Community One has obtained a preliminary appraisal of the Property which reflects a fair market value of $3,000,000, higher than the Debtor's schedules, but well less than the combined mortgage debt of more than $4.7 million held by Community One and M&T. A copy of this preliminary appraisal, without addendum, is annexed hereto as Exhibit "2". Community One reserves the right to supplement this appraisal as necessary, but since it exceeds the Debtor's own assessment, it is offered to demonstrate that even on a best case basis, the Property is deeply underwater.

5.  The Debtor's payment and reporting history has been abysmal. The Debtor was declared in default by NYCB on February 25, 2008 for failure to pay debt service dating back to January 1, 2008. No payments were ever made by the Debtor on account of the first mortgage after the declaration of default which accounts for the significant default interest charges. Additionally, the Debtor has not paid real estate taxes since 2007.

6.  The Debtor's statement of financial affairs indicates that no tax returns have been filed for 2008 and 2009.

7.  Following bankruptcy, the Debtor has filed only a single full-month operating report for July, reflecting meager rent collections of less than $5,000.

## GENESIS OF COMMUNITY ONE'S MORTGAGE

8. Community One is the current holder of a Substitute and Restated Promissory Note, dated December 8, 2004, in the original principal amount of $2,300,000.00 (the "Note"). Community One acquired its mortgage interest from NYCB by Assignment, dated November 7, 2008. A copy of the Note, together with the assignment of mortgage is annexed hereto as Exhibit "3".

9. The Note is secured by two mortgages given by the Debtor's predecessor in interest which were ultimately assigned to NYCB and were thereafter consolidated, modified and extended by agreement dated December 8, 2004. The first mortgage was in the original principal sum of $1,900,000 and the second mortgage was in the original principal sum of $400,000. The two mortgages were consolidated into one consolidated loan in the principal sum of $2,300,000 on December 8, 2004. The Consolidation Modification and Extension Agreement is annexed hereto as Exhibit "4" and was duly recorded on April 9, 2004 as CRFN-2004000215927.

10. To facilitate the Court's analysis of the earlier mortgages which were consolidated as described above, annexed hereto as Exhibit "5" is a copy of the Policy of Mortgage Insurance given to New York Community Bank by Commonwealth Land Title Insurance Company (Policy No. G32-2119304) showing the recording and assignments of the two mortgages prior to their consolidation as described above.

11. The Foreclosure Action was commenced in 2008. Community One was awarded summary judgment and the appointment of Michelle Khan as Receiver on March 19, 2010 pursuant to order annexed hereto as Exhibit "6".

12. During bankruptcy, the Debtor has made only one installment payment to Community One in the sum of $15,731.90. This equates to regular debt service at the non-default rate for a single month. Even with this payment, the Debtor is still at least two months in arrears on a post-petition basis.

### B. The Stay Should be Vacated on Alternate Grounds

13. In a hearing for relief from the automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues (except the debtor's equity in the property under section 362(d)(2)(A)). See In re Domestic Fuel Corp., 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. (1987); 11 U.S.C. § 362(g). If a creditor seeking relief from the automatic stay makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the debtor pursuant to Section 362(g). In re 234-6 West 22nd St. Corp., 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

14. Under section 362(d)(1) of the Bankruptcy Code, relief from the stay should be granted upon a showing of "cause". See In re Woodfield Furniture Clearance Center of Suffolk, Inc., 102 B.R. 327 (Bankr. E.D.N.Y. 1989); In re Diplomat Electronics Corp., 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988) ("[I]f the court finds . . . that . . . the secured creditor lacks adequate protection . . . the court must lift the stay.") "Cause" is not

5

specifically defined in the Bankruptcy Code and is typically determined on a case by case basis. See Sonnax Indust. Inc. v. Tri-Component Products Corp., (In re Sonnax Indust. Inc.) 907 F.2d 1280, 1286 (2d Cir. 1990); In re Balco Equities Ltd., 312 B.R. 734, (Bankr. S.D.N.Y. (2004); In re M.J. & K Co., Inc., 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993).

15. The decision whether to vacate the automatic stay is committed to the sound discretion of the Court, after considering "the particular circumstances of the case and (ascertaining) what is just to the claimants, the debtor, and the estate.'" M.J. & K, 161 B.R. at 590, quoting In re Mego Int'l, Inc., 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

16. Here, cause exists to grant Community One relief from the stay under section 362(d)(1) of the Bankruptcy Code. Community One is not being adequately protected because of the Debtor's repeated failure to pay post-petition debt service and any real estate taxes. Operationally, the Debtor is apparently having great difficulty in collecting rents from tenants and has not demonstrated any reason to believe that it is capable of improving cash flow so as to cure post-petition arrears or to refinance the existing secured debt.

17. On the contrary, the Property continues to languish and the Debtor sought Chapter 11 solely to frustrate Community One from completing the Foreclosure Action.[1]

---

[1] By the return date of the motion, the Debtor will have long passed the 90 day mark since the Petition Date, whereupon the Debtor shall be required to pay debt service on pain of immediate relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3).

18. Alternatively, grounds exist to vacate the automatic stay under §362(d)(2) since the Debtor does not have equity in the Property and the Property is not necessary to an effective reorganization.

19. Even if we consider a value higher than the one ascribed in the Debtor's schedules, there is no equity since the debt to Community One amounts to approximately $2,971,000 alone, even without considering the junior lien of M&T in the sum of more than $1.75 million.[2] The Debtor's bankruptcy schedules, however, constitute admissions which preclude it from challenging a lack of equity. See, e.g., Sapir v. Sartorius, 230 B.R. 650, 656 (S.D.N.Y. 1999), aff'd, 205 F.3d 1324 (2d Cir. 2000) (sworn schedules prepared by the debtor and attached to his petition constitute an admission by the debtor); In re Bohrer, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."); In re Leonard, 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992) (listing of a creditor's debt in debtor's schedules constitutes an admission, pursuant to Fed. R. Evid. 801(d)(2), that such a debt was in fact owed to the debtor as of the petition date).

---

[2] To determine whether equity exists, all liens are considered. In re New Era Comp., 125 B.R. 725, 728-29 (S.D.N.Y. 1991) (noting that equity is the difference between the value of the property and the total amount of all liens against it); In re Diplomat Electronics Corp., supra at 692.

20. Although the Debtor will argue that reorganization cannot be achieved without the Property, this alone is not enough. Instead, the Debtor must demonstrate that it has a reasonable prospect of reorganization: This means...that "there must be 'a reasonable possibility of a successful reorganization within a reasonable time period'". United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365,375-6 (1988) (citations omitted); see also, In re Pegasus Agency, Inc., 202 F.3d 882, 886 (2d. Cir. 1996). It goes without saying that an effective reorganization cannot be based solely on speculation. In re Kent Terminal Corp., 166 B.R. 555, 562 (Bankr. S.D.N.Y. 1994), citing In re Saypol, 31 B.R. 796, 803 (Bankr. S.D.N.Y. 1983). "Mere dreams" of a reorganization cannot sustain the automatic stay. In re New Era Co., supra at 730.

21. The Debtor cannot meet its burden under Timbers. The Debtor does not appear to be a candidate for a refinancing and is hardly in a position to cure and reinstate the first mortgage with virtually no money in the bank, and arrears of close to $650,000. The Debtor has not moved to sell the Property and has not even made any proposals to Community One since the case began. In short, the Debtor has not moved this case forward in any meaningful way despite a fair opportunity to do so. Consequently, the time to vacate the automatic stay is now upon us.

WHEREFORE, Community One respectfully requests that the automatic stay be vacated, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 24, 2010

*signature*

Kevin J. Nash, Esq. (KJN 6274)
Goldberg Weprin Finkel Goldstein LLP
*Attorneys for Community One Holding LLC*
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700